# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZYMEX INDUSTRIES, INC., | Case No. 1:20-cv-01086-NONE-SAB |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND |
| v. | |
| ZIBA FOODS, LLC, | (ECF No. 11) |
| Defendants. | |

Currently before the Court is Plaintiff's unopposed motion for leave to file an amended complaint. Having considered the moving papers, Defendant's statement of non-opposition, as well as the Court's file, the Court issues the following order granting Plaintiff's motion for leave to amend.

**I.**

**BACKGROUND**

On August 5, 2020, Plaintiff filed this trademark infringement action against Defendant Ziba Foods, LLC. (ECF No. 1.) The scheduling order issued on November 4, 2020, and set a deadline of December 31, 2020, for the filing of any motions or stipulations requesting leave to amend the pleadings. (ECF No. 8 at 2.)[1] On December 31, 2020, Plaintiff filed a declaration designating Raffi Vartanian as a doe defendant. (ECF No. 9.) On January 4, 2021, the Court

---

[1] All references herein to pagination of electronically filed documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1 issued an order disregarding the doe designation as filed.  (ECF No. 10.)  On January 5, 2021, 2 Plaintiff filed a motion for leave to file a first amended complaint, and set the motion for hearing 3 before the District Judge assigned to this action.  (ECF No. 11.)  On January 26, 2021, Defendant 4 filed a statement of non-opposition to Plaintiff's motion.  (ECF No. 12.)  On February 9, 2021, 5 the District Judge referred this motion to the undersigned for appropriate action.  (ECF No. 13.)

**II.**

**LEGAL STANDARD**

Once a district court has entered a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 setting a deadline for amending pleadings, the district court is to first apply Rule 16's standard for amending the scheduling order if the deadline to amend has passed.  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607–08 (9th Cir. 1992); United States ex rel. Terry v. Wasatch Advantage Grp., LLC, 327 F.R.D. 395, 403 (E.D. Cal. 2018).  If the party seeking amendment can satisfy the good cause standard of Rule 16(b), the district court then must determine whether the moving party has satisfied the requirements of Rule 15(a).  Wasatch, 327 F.R.D. at 403-04.

**A.   The Rule 16(b) Good Cause Standard**

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits "the time to join other parties, amend the pleadings, complete discovery, and file motions."  Fed. R. Civ. P. 16(b)(1)–(3).  A scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily considers the diligence of the party seeking the amendment."  Mammoth Recreations, 975 F.2d at 609.  To establish good cause, the party seeking the modification of a scheduling order must generally show that even with the exercise of due diligence, they cannot meet the requirement of that order.  Id.  The prejudice to other parties, if any, may be considered, but the focus is on the moving party's reason for seeking the modification.  Id.  If the party seeking to amend the scheduling order fails to show due diligence, the inquiry should end and the court should not grant the motion to modify.  Zivkovic v. Southern California Edison, Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (citing Mammoth

1 Recreations, 975 F.2d at 609). "Relevant inquiries [into diligence] include: whether the movant
2 was diligent in helping the court to create a workable Rule 16 order; whether matters that were
3 not, and could not have been, foreseeable at the time of the scheduling conference caused the
4 need for amendment; and whether the movant was diligent in seeking amendment once the need
5 to amend became apparent." Wasatch, 327 F.R.D. at 404 (internal quotation marks and citation
6 omitted) (alteration in original).

### B.   The Rule 15 Standard for Amending Pleadings

If Plaintiff can meet the good cause standard to modify the scheduling order under Rule 16, Plaintiff must then satisfy the standards under Federal Rule of Civil Procedure 15(a). Wasatch, 327 F.R.D. at 403-04. Twenty-one days after a responsive pleading or a motion to dismiss is filed, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(1)-(2). "Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.' " Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)); see also Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (noting leave should be granted with "extreme liberality") (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir.2001)). Leave to amend under Rule 15 is "within the sound discretion of the trial court," and "[i]n exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981).

In determining whether to grant leave to amend, a court is to consider five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not weighed equally. "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." Bonin, 59 F.3d at 845. Undue delay, "by itself . . . is insufficient to justify denying a motion to amend." Owens, 244 F.3d at 712 (quotation marks omitted) (quoting Bowles v. Reade, 198 F.3d 752, 757-58 (9th Cir. 1999)). "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."

Eminence Capital, 316 F.3d at 1052.  "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  Id.

### III.

### DISCUSSION

Because the Court's scheduling order set the deadline to file amended pleadings as May 15, 2020 (ECF No. 13 at 2), the Court will first determine whether Plaintiff has demonstrated good cause pursuant to Rule 16.  See Wasatch, 327 F.R.D. at 403.

Plaintiff moves the Court for leave to file a first amended complaint to name Raffi Vartanian as a defendant. (ECF No. 11 at 1.)  As noted above, on December 31, 2020, Plaintiff filed a doe designation prior to the expiration of the deadline to amend pleadings, that was disregarded by the Court as procedurally improper under the local rules.  (ECF Nos. 9, 10.)  Prior to filing the doe designation, Plaintiff granted Defendant a two-week extension to provide written discovery responses.  (Id. at 2.)  When written responses were served on December 28, 2020, with a verification provided December 29, 2020, it became apparent to Plaintiff that Raffi Vartanian was a relevant party to this action due to involvement in the alleged trademark infringement. (Id.)

Given the timeframe between the written discovery, Plaintiff's filing of the doe designation, and subsequent filing of the motion to amend, the Court finds Plaintiff was diligent and has established good cause under Rule 16 to amend the scheduling order.

The Court next turns to the question of whether leave to amend should be granted under Federal Rule of Civil Procedure 15(a).  Wasatch, 327 F.R.D. at 403-04.  "[I]t is the consideration of prejudice to the opposing party that carries the greatest weight."  Eminence Capital, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining [ ] factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend."  Id.  The burden to demonstrate prejudice falls upon the party opposing the amendment.  DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

Given Defendant does not oppose the motion to amend, the Court finds that granting

1  Plaintiff's motion to amend would not prejudice Defendant. There is no evidence the motion
2  was brought in bad faith nor does it produce undue delay in the litigation. See <u>Lockheed Martin</u>
3  <u>Corp. v. Network Solutions, Inc.</u>, 194 F.3d 980, 986 (9th Cir. 1999) (explaining that where a
4  motion to amend was made more than four months after the cutoff date, "[a] need to reopen
5  discovery and therefore delay the proceedings supports a district court's finding of prejudice.").
6  Moreover, there is no reason to believe that the proposed amendment is futile. See <u>SAES Getters</u>
7  <u>S.p.A. v. Aeronex, Inc.</u>, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (illustrating that an
8  amendment is futile "only if it would clearly be subject to dismissal.").

9  Consequently, finding that none of the foregoing factors weigh against granting Plaintiff
10 leave to amend, and Plaintiff's motion is unopposed, the Court finds leave to amend appropriate.
11 See <u>Austin v. W. Concrete Pumping, Inc.</u>, No. 17-CV-2363-AJB-MDD, 2018 WL 2684140, at
12 *1 (S.D. Cal. June 5, 2018) (granting plaintiff's motion for leave to file an amended complaint
13 after considering the motion and the defendants' non-opposition); <u>Gonzales v. F/V Daniela</u>, No.
14 11cv01066 AJB (JMA), 2013 WL 444626, at *1 (S.D. Cal. Feb. 4, 2013) (concluding that leave
15 to amend was warranted in light of the defendants' non-opposition to the motion and reasonable
16 explanation for the amendment).

17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## IV.

## CONCLUSION AND ORDER

The Court finds that good cause exists to grant Plaintiff's motion for leave to file a first amended complaint.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to file a first amended complaint is GRANTED; and
2. Plaintiff shall file a first amended complaint within five (5) days of the date of entry of this order.

IT IS SO ORDERED.

Dated:  **February 10, 2021**

UNITED STATES MAGISTRATE JUDGE