# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ZYMEX INDUSTRIES, INC.,

Plaintiff,

v.

ZIBA FOODS, LLC,

Defendant.

Case No. 1:20-cv-01086-NONE-SAB

ORDER DENYING JOINT REQUESTS TO SEAL AND TO RETAIN JURISDICTION WITHOUT PREJUDICE

(ECF Nos. 27, 28)

TWENTY-ONE DAY DEADLINE

**I.**

**INTRODUCTION**

On October 19, 2021, the parties filed a joint notice of request to seal their confidential settlement agreement pursuant to Local Rule 141(b). (ECF No. 27.) Concurrently with this request, the parties filed a notice of dismissal pursuant to Federal Rule of Civil Procedure 41, in which they stipulated that "the court shall retain jurisdiction to enforce the confidential settlement agreement reached between the parties . . . a copy of which is submitted herewith under seal." (ECF No. 28.) For the reasons set forth below, the parties' stipulated request to seal and request for the Court to retain jurisdiction shall be denied without prejudice.

///

///

///

## II.

## BACKGROUND

On August 5, 2020, Plaintiff sued Defendant for damages and injunctive relief resulting from alleged trademark infringement and unfair competition practices. (ECF No. 1.) On July 26, 2021, the parties filed a notice of settlement. (ECF No. 21.) The Court ordered the parties to file dispositional documents within thirty days but twice extended the filing deadline. (ECF Nos. 22, 24, 26.) On October 19, 2021, the parties filed the instant request to seal the settlement agreement and Rule 41 notice of dismissal including the parties' request that the Court retain jurisdiction to enforce the settlement agreement.[1] (ECF Nos. 27, 28.)

## III.

## LEGAL STANDARD

There is a presumption in favor of public access to court records. See Phillips ex rel. Estates of Byrd v. Gen. Motors Corp. (Phillips), 307 F.3d 1206, 1210 (9th Cir. 2002). However, "access to judicial records is not absolute." Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006). Two standards govern whether documents should be sealed: a "compelling reasons" standard, and a "good cause" standard. Id. at 1179; Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677–78 (9th Cir. 2010). The "good cause" and "compelling reasons" standards should not be conflated; a "good cause" showing will not, without more, satisfy the "compelling reasons" test. Kamakana, 447 F.3d at 1180.

Generally, the compelling reasons standard is applied. See Ctr. for Auto Safety v. Chrysler Grp., LLC (Auto Safety), 809 F.3d 1092, 1096–97 (9th Cir. 2016), cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety, 137 S. Ct. 38 (2016). Under the compelling reasons standard, the party seeking to have a document sealed must articulate compelling reasons supported by specific factual findings; it must identify the interests that favor secrecy; and it must show that these specific interests outweigh the general history of access and the public

[1] In the parties' request to seal documents, which was not filed with the Court but emailed by the parties pursuant to Local Rule 141(b), the parties more specifically request that the settlement agreement remain under seal for five years.

policies favoring disclosure, such as the public's interest in understanding the judicial process. Kamakana, 447 F.3d at 1179–81. The Ninth Circuit has indicated that " 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.' " Id. at 1179 (citing Nixon v. Warner Commc'ns Inc., 435 U.S. 589, 597 & n.7 (1978)). "[S]ources of business information that might harm a litigant's competitive strategy may also give rise to a compelling reason to seal," as may pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage. See Apple Inc. v. Samsung Elecs. Co., 727 F.3d 1214, 1221–22, 1225 (Fed. Cir. 2013) (quoting Nixon, 435 U.S. at 597–98). On the other hand, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Kamakana, 447 F.3d at 1179 (citing Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1136 (9th Cir. 2003)). Nor is the fact that the parties have agreed to keep information confidential. See generally, Foltz, 331 F.3d 1122. Indeed, "[s]imply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." Kamakana, 447 F.3d at 1184. Rather, a party must "articulate compelling reasons supported by specific factual findings." Id. at 1178 (citations omitted).

The "good cause" standard is an exception that the Ninth Circuit "carved out . . . for sealed materials attached to a discovery motion unrelated to the merits of a case" or documents only tangentially related to the underlying cause of action. Auto Safety, 809 F.3d at 1097. While it "presents a lower burden for the party wishing to seal documents than the 'compelling reasons' standard," Pintos, 605 F.3d at 678, the party seeking protection nevertheless bears the burden of showing specific prejudice or harm will result, Phillips, 307 F.3d at 1210–11, and must make a "particularized showing of good cause with respect to any individual document," San Jose Mercury News, Inc. v. U.S. Dist. Ct., 187 F.3d 1096, 1103 (9th Cir. 1999) (citations omitted). For example, a "particularized showing" that public disclosure would cause

"annoyance, embarrassment, oppression, or an undue burden" will suffice to seal non-dispositive records. Fed. R. Civ. P. 26(c)(1); Kamakana, 447 F.3d at 1180. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," however, are insufficient. Phillips, 307 F.3d at 1211 (quoting Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir. 1992)).

Additionally, Local Rule 141 provides that requests to seal shall set forth: (1) the statutory or other authority for sealing; (2) the requested duration; (3) the identity, by name or category, of persons to be permitted access to the documents; and (4) all other relevant information. E.D. Cal. L.R. 141(b). Finally, any request to seal documents must be "narrowly tailored" to remove from the public sphere only the material that warrants secrecy. See, e.g., Ervine v. Warden, 241 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing Press-Enterprise Co. v. Superior Ct. of Cal., 464 U.S. 501 (1986)). To the extent any confidential information can be easily redacted while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents. See Foltz, 331 F.3d at 1137; see also In re Roman Catholic Archbishop of Portland, 661 F.3d 417, 425 (9th Cir. 2011) ("a court must still consider whether redacting portions of the discovery material will nevertheless allow disclosure."). "[I]f the court decides to seal certain judicial records, it must . . . articulate the factual basis for its ruling, without relying on hypothesis or conjecture.' " Kamakana, 447 F.3d at 1179 (quoting Hagestad v. Tragesser, 49 F.3d 1430, 1434 (9th Cir. 1995)); see also Apple Inc. v. Psystar Corp., 658 F.3d 1150, 1162 (9th Cir. 2011), cert. denied, 132 S. Ct. 2374 (2012).

## IV.

## DISCUSSION

### A. Request to Seal Settlement Agreement

In the notice of request to seal, the parties indicate they seek to seal the settlement agreement because "it contains proprietary and confidential trade secret information of the parties." (ECF No. 27 at 1.) As an initial matter, the Court notes it is unpersuaded that the "good cause" exception standard applies to the instant request, as the parties have presented no

argument or authority in support of this position. See, e.g., Philliben v. Uber Techs., Inc., No. 14-cv-05615-JST, 2016 WL 9185000, at *2 (N.D. Cal. Apr. 15, 2016) (compelling reasons standard applied to parties' motion for preliminary approval of settlement); Wells Fargo Bank, N.A. v. Saticoy Bay LLC Series 3948 Applecrest, No. 2:17-cv-01360-APG-VCF, 2020 WL 2311560, at *2 (D. Nev. Apr. 23, 2020) (compelling reasons standard applied to motion to enforce settlement agreement), rep. and recommendation adopted, 2020 WL 2308090 (D. Nev. May 8, 2020), appeal dismissed sub nom. Wells Fargo Bank, N.A. v. Woodcrest Homeowners Ass'n, No. 20-16129, 2021 WL 2374570 (9th Cir. Mar. 12, 2021).

Regardless, the Court finds the parties have not made a sufficient showing under either the presumptive "compelling reasons" standard or the "good cause" exception. While the request to seal asserts the settlement agreement "contains proprietary and confidential trade secret information," it does not make any "particularized showings" or provide any further elaboration with respect to the settlement agreement. Kamakana, 447 F.3d at 1180, 1184; Foltz, 331 F.3d at 1135. Nor have the parties made a showing that some specific harm or prejudice will result if the settlement agreement is not sealed. Beckman Indus., Inc., 966 F.2d at 476; Phillips, 307 F.3d at 1211. Similarly, the parties do not indicate which part of the settlement agreement would reveal legitimate trade secrets. See Intermotive, Inc. v. Inpower, Inc., No. 2:05-cv-00844-KJM-GGH, 2012 WL 5523280, at *1 (E.D. Cal. Nov. 14, 2012) (denying motion to seal settlement agreement on this basis). Finally, the Court notes the duration of time requested by the parties for the settlement agreement to remain sealed (five years) appears entirely arbitrary, as no explanation or supporting legal authority is presented with respect to this request. Thus, the Court finds the parties' entire request "consists only of a conclusory invocation of a legal ground and citation to a case." Id.; Kamakana, 447 F.3d at 1184.

Furthermore, the parties do not demonstrate that the request to seal is narrowly tailored, nor do they address whether redaction, rather than sealing, is appropriate. Foltz, 331 F.3d at 1137; Roman Catholic Archbishop of Portland, 661 F.3d at 425. The fact that the parties agreed amongst themselves to keep the settlement details private, without more, is no reason to shield the information from the public at large. See Moussouris v. Microsoft Corp., No. 15-cv-1483

JLR, 2018 WL 1159251, at *8–9 (W.D. Wash. Feb. 16, 2018) ("The fact that the settlement agreements are confidential is not a sufficient basis for sealing the agreements."), rep. and recommendation adopted, 2018 WL 1157997, at *8–9 (W.D. Wash. Mar. 1, 2018); see also Bernstein v. Target Stores, Inc., No. 13-cv-01018 NC, 2013 WL 5807581, at *3 (N.D. Cal. Oct. 28, 2013) ("The existence of a confidentiality provision [in a settlement agreement], without more, does not constitute good cause, let alone a compelling reason, to seal."). On this record, there are insufficient grounds on which to grant the parties' request.

Finally, the Court notes it is unclear why the parties chose to submit their settlement agreement at this time, considering the fact that they were neither required to do so, nor does there as of yet appear to be any dispute requiring enforcement of the terms of the settlement agreement.

For all of these reasons, the Court shall deny the parties' request without prejudice.

**B. Request to Retain Jurisdiction to Enforce the Settlement Agreement**

The Court notes the parties' stipulated request that the Court retain jurisdiction over this action to enforce the parties' settlement agreement "which is submitted herewith under seal," appears predicated upon the Court's ruling on the pending request to seal. (See ECF No. 28 at 2.) In light of the Court's denial of the request to seal the settlement agreement without prejudice, the Court concludes the parties' stipulated request that it retain jurisdiction to enforce the settlement agreement submitted under seal must also be denied at this time.

However, the Court additionally finds the request to retain jurisdiction is properly denied on the merits due to several facial deficiencies. For example, the parties provide no legal authority in support of their request. Moreover, the stipulation does not indicate how long the parties intend that the Court retain jurisdiction (and the Court declines to retain jurisdiction over the parties' closed case indefinitely), nor do the parties provide any other information justifying any such period of time for retaining jurisdiction as reasonable or appropriate. Without more, the Court shall deny the parties' request. However, the denial shall be without prejudice to the parties submitting an amended request consistent with this order.

///

**V.**

**CONCLUSION AND ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The parties' joint request to seal the settlement agreement (ECF No. 27), is DENIED without prejudice;[2]

2. The Clerk of the Court shall RETURN the documents submitted in connection with the parties' request to seal to the submitting party pursuant to Local Rule 141(e)(1);

3. The parties' stipulated request that the Court retain jurisdiction to enforce the settlement agreement (ECF No. 28) is DENIED without prejudice; and

4. If the parties wish to file a renewed request and/or stipulated request for the Court to retain jurisdiction over their agreement or, alternatively, withdraw their filing, they must do so within **twenty-one (21) days** of entry this order. Otherwise, the Court will direct the Clerk of the Court to close this case and adjust the docket to reflect the parties' voluntary dismissal pursuant to Rule 41.

IT IS SO ORDERED.

Dated: **October 20, 2021**

UNITED STATES MAGISTRATE JUDGE

[2] The Court finds adjudication by a magistrate judge of this motion appropriate. See E.D. Cal. L.R. 302(c)(1) ("all stipulations and motions relating to protective orders and sealing documents submitted or filed for hearing before discovery cutoff."); see also, e.g., Ambriz v. CVS Pharmacy, Inc., No. 1:19-cv-01391-NONE-BAM, 2020 WL 4368364, at *1 (E.D. Cal. July 30, 2020) (denial by magistrate judge of joint request to seal).